## Case No. 860.

### BANK OF CIRCLEVILLE v. IGLEHART.

[6 McLean, 568.][1]

Circuit Court, N. D. Illinois. July Term, 1855.

BANKS AND BANKING — SUSPENSION OF SPECIE PAYMENTS— LIQUIDATION — ENFORCING DECREE FOR CONTRIBUTION BY STOCKHOLDERS.

1. On the failure of a bank to pay specie, it may be forced into liquidation under the laws of Ohio, and receivers are appointed to collect the debts and pay the liabilities of the bank.

2. If there be a deficiency of assets and the stockholders are required to contribute pro rata, on the amounts of stock they own, and to pay the whole amount, if necessary, on such a decree, an action of debt cannot be sustained. To maintain an action of debt, the sum decreed, must be certain so as to require no further action of the court.

[Cited in Carrol v. Green, 92 U. S. 509.]

3. In such a case, a mandate from the supreme court of Ohio, to the common pleas, requires it to carry out the decree, and to issue an execution, if necessary, for the whole

[1] [Reported by Hon. John McLean, Circuit Justice.]

amount of the stock debt against the stockholders respectively. An order for such an execution being made, the execution being issued and no property found, does not change the nature or effect of the original decree.

4. An action being brought on the decree as originally given, is subject to the condition expressed, and the facts must be shown to authorize an execution for the whole amount.

5. The original decree was not joint, but several, that contribution be made pro rata. In such a case, an action may be sustained against one of the stockholders, on the original decree, who is a citizen of Illinois.

6. A suit in equity may be brought to give effect to a decree. where the conditions of the original decree are not appropriate to the powers of a court of law.

[In equity. Bill by receivers of the Bank of Circleville, Ohio, against Nicholas P. Iglehart, to enforce a decree of an Ohio state court. On demurrer to the bill. Overruled.]

Mr. Hunter, for complainants.

Arnold, Larned & Lay, for defendant.

OPINION OF THE COURT. This is a bill in chancery to enforce a decree entered against the defendant, in the state of Ohio. The defendant, with others, became a large stockholder in the Bank of Circleville, established at Circleville, in the state of Ohio, which bank, being in embarrassed circumstances, was forced into liquidation under the laws of Ohio, and William B. Thrall and two other persons were appointed receivers, to wind up the bank by collecting its debts, &c. Finding that the assets of the bank were wholly insufficient to pay its debts, a bill was filed against its stockholders to compel them to pay the amount, in full, of their subscriptions of stock. The defendant owed on his stock the sum of twenty-nine thousand seven hundred and fifty dollars. Other stockholders owed large sums on their stock, and the cause being certified to the supreme court in which a decree was entered against the stockholders, requiring them to pay to the receivers the full amount of their subscriptions of stock, with interest thereon from the date of the decree, "if in the process of closing up the affairs of said bank, by the receivers, it should be found necessary to require the full payment thereof." But if the whole amount should not be required, then the said defendants should pay to the receivers, such parts of the amounts due from them collectively, as with the other assets of the bank will be sufficient to pay its debts; the stockholders to pay a just proportion according to their respective balances due. But the decree was not to bind the stockholders to pay any demand against the bank which had not been previously presented, or reduced to judgment, or exhibited within one year after 1848. And the bill states that the demands against the bank amount to twenty-five thousand dollars, and may greatly exceed that sum. And the bill alleges that all the stockholders except the defendant, Baker, Crane, and Renich, are insolvent, and that it is necessary that these

persons should pay the full amount of their installment, or at least so much thereof as shall be necessary to enable the receivers of the bank to liquidate its liabilities.. The bill states the other stockholders are citizens of Ohio. The first receivers having resigned, others were appointed, who are now prosecuting this suit. The defendant is called to answer, as to the extent of the liabilities of the bank, and how much remains unpaid, and whether any assets belong to the bank except as aforesaid; and the complainants pray that an account may be taken of the amount due and owing by the defendant, and that he be required to pay to the receivers of the bank or their successors. the amount found to be due by said defendant, or such part thereof as may be necessary, with the other available assets of the bank, to enable the receivers to pay the liabilities of the bank, including costs and expenses. The defendant demurs to the bill, and for cause of demurrer says, that the complainants have not in their bill stated such a case as entitles them to any such discovery or relief as is prayed.

It is first objected that there is an adequate remedy at law. That an action of debt may be sustained on a decree for money, is admitted. And it appears from the decree, to enforce which this bill is filed, that the defendant was found to owe to the bank, on account of his stock, twenty-nine thousand, seven hundred and fifty dollars; and to this amount he was held liable to the receivers of the bank. But the decree was not absolutely for this amount. It was that he was liable on his subscription of stock to the above amount, and that he should pay, by way of contribution, with other stockholders, similarly liable, such amount, not exceeding the said sum, as with the other funds, will pay the debts of the bank. It is clear that on such a decree an action at law cannot be sustained. The sum is not certain, nor has a court of law the means of making it certain. The debts of the bank must be ascertained, the amount of the assets and what per cent. on the stock debts will make up the deficiency. And by looking into the bills it appears that these facts are called for in the answer of the defendant, and they must be ascertained, before the relief prayed for can be given. "A bill in equity will lie to carry a former decree into execution, when from neglect of the parties or other cause, subsequent events have intervened, making the further aid of the court necessary." Linton v. Potts, 5 Blackf. 396. It appears that the court of common pleas, of Pickaway county, Ohio, after the cause was remanded to it, by the supreme court, ordered the sheriff to collect the full amount decreed against the stockholders. The complainant claims nothing under that order, but relies upon the equity of the original decree. And we must take the case as made in the bill, and which is presented by the demurrer. The decree was

remanded to the court of common pleas to be carried out, and if found necessary to pay the debts of the bank, it had power to award execution for the full amount of the stock indebtment. The court directed the execution for the full amount, under the authority of the mandate, but this was merely in the execution of the decree. The execution was returned without realizing any fruits of the decree. And the decree is now brought before this court, for execution, the same as it was before the common pleas of Pickaway county.

By the bill the decree is brought before this court for execution, and it becomes necessary that we should give effect to it, according to its terms, and we are not bound by an executing order of the common pleas of Pickaway county. It is no part of the decree, but a mode of giving effect to it, under which no amount was collected. It is urged, that from the bill, the liabilities of the bank do not appear to have been presented within the time limited in the decree. The decree embraced all demands presented before it was entered, and all judgments against the bank and all demands which might be presented within one year from the first day of January, 1848. From the notice of this decree it is seen, that it could not have been entered for a specific sum to be paid absolutely. The complainants allege that the costs chargeable to the bank will not be less than three thousand dollars, and that the liabilities of the bank, exclusive of interest, amount to the sum of $22,640, and that adding thereto the costs and expenses of winding up the affairs of the bank, the liabilities will be above the sum of fifty thousand dollars. Until a full exhibit of the debts of the bank shall be made, it will not be possible to designate, with precision, their amount. The decree entered by the court was the only one which could be given, before the exhibit of the debts was made. It graduated the charge on the stockholders so as to make their contributions equal, pro rata on the amount of the stock debts. We think this part of the bill is sufficient. The courts in Ohio which entered and sanctioned the decree, are courts of general jurisdiction, and this will be recognised by this court, without any allegation to that effect in the bill.

It is also urged that the bill is defective, for want of proper parties. That the other stockholders who were parties to the decree are necessary parties. These individuals in the bill are alleged to be citizens of Ohio, and cannot be made parties. No decree is asked against them, and they can, in no respect be prejudiced by any decision which shall be made in this case. And in addition to this consideration, the liability of the defendants under the decree is distinct and separate; each one being required to contribute pro rata on his debt for stock, so as to pay the liabilities of the bank. Each is liable on his own subscription for stock, and

the only inquiry in this case will be how much of the stock must be paid to carry out the decree. If the whole amount shall be required, the other parties to the original decree cannot be injured, nor will they be injured if the court should find that the payment of less than the whole will be sufficient. No decree that this court shall make in this case, can affect injuriously the interests of other parties to the decree. The pro rata contribution by the decree is the rule of action of this court, in giving effect to it, the same as in the court of Ohio. This view is not in conflict with the case of Bargh v. Page, [Case No. 980.] In that case the suit was brought on a joint liability, one of the parties being a citizen of the same state with the plaintiff. But in this case the defendant is a citizen of Illinois, and his brother and partner died some years ago, insolvent; so that the present defendant stands on his individual responsibility, in no respect so connected with others, as to affect the jurisdiction of this court. As regards the question of distribution, the principle being fixed by the Ohio decree, it may as well be made, so far as the defendant is concerned, by this as the Ohio court. The report of a master can lay the facts before us. The act of [February 28,] 1839, [5 Stat. 321, c. 36,] authorizes this court to take jurisdiction on a joint demand, under the statutory provision, that a judgment against a joint obligor shall not prejudice his co-obligor.

Upon the whole, the demurrer is overruled and a rule for answer is entered.